Whitaker, Judge,
concurring:
Under the facts of this case, I concur in the opinion of the court. I do so because power to find that a person in the Armed Forces is physically disabled is lodged in the Secretary of the service in which the person is serving, and this court has no jurisdiction unless the Secretary has acted arbitrarily or capriciously or otherwise illegally. The Sec *97 retary had no occasion to take any action in plaintiff’s case until after his appeal to the Correction Board, within the time allowed, and that Board had denied him the relief he sought and, hence, plaintiff’s action did not accrue until then. This is the first time plaintiff had taken issue with the action of the Naval authorities.
The court says, 'by way of dictum, that the denial of a person’s application to go before a retiring board gives rise to a cause of action in this court. I agree. When a person makes such an application, it is referred in the first instance to a disposition board, or a medical survey board, for its determination of whether or not the applicant’s physical condition warrants sending him before a retiring board. If this board determines it does not, and a retiring board is not convened, I think it is at this point that a cause of action in this court accrues, if the action was arbitrary or otherwise unlawful.
I am not sure the majority opinion makes this clear. The possibility that it may not have, is the reason for this concurring opinion.
However, in this case plaintiff did not take issue with the finding that he was physically fit and, therefore, there was no occasion to send him before a retiring board. Had he taken issue and demanded a hearing before a retiring board, and this was denied him, his cause of action in this court would have then accrued; but that is not this case.
For these reasons I concur.